FILED _____ LODGED
_____ RECEIVED

FEB - 9 2010

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY



10-CV-05010-ORD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| THOMAS DEAN HULL, JR., | NO. 3:10-cv-05010 RBL |
|---|---|
| Plaintiff, | |
| v. | STIPULATION AND ORDER PERMITTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT |
| REMINGTON ARMS COMPANY, INC., | |
| Defendant. | |

## I. STIPULATION

Plaintiff, Thomas Hull ("Plaintiff"), and Remington Arms Company, Inc. ("Remington") Defendant, by and through the signatures of their attorneys below, hereby stipulate that Plaintiff may file and serve a First Amended Complaint in form and substance materially conforming to **Exhibit A** hereto. The parties also stipulate that this First Amended Complaint supercedes the original Complaint Plaintiff filed in this action.

DATED this _____ day of February, 2010.

PEPPLE JOHNSON CANTU & SCHMIDT

By_____
Jackson Schmidt, WSBA #16484
Steven T. Johnson, WSBA #14052
Attorneys for Plaintiffs

WILSON SMITH COCHRAN DICKERSON

By_____
John D. Wilson, Jr., WSBA #4828
Attorneys for Remington Arms Company, Inc.

STIPULATION AND ORDER PERMITTING PLAINTIFF
TO FILE A FIRST AMENDED COMPLAINT - 1

PEPPLE JOHNSON
CANTU & SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON 98101
(206) 625-1711 - FACSIMILE (206) 625-1627

## ORDER

Based on the foregoing stipulation, it is hereby ORDERED that Plaintiff shall file and serve a First Ameded Complaint in form and substance materially conforming to **Exhibit A** hereto.

DATED this 9th day of February, 2010.

_____
HON. RONALD B. LEIGHTON
Judge, U.S. District Court for the Western District of Washington

Presented by:

PEPPLE JOHNSON CANTU & SCHMIDT PLLC

By_____
Jackson Schmidt, WSBA #16484
Steven T. Johnson, WSBA #14052
Attorneys for Plaintiffs

WILSON SMITH COCHRAN DICKERSON

By_____
John D. Wilson, Jr., WSBA #4828
Attorneys for Remington Arms Company, Inc.

STIPULATION AND ORDER PERMITTING PLAINTIFF
TO FILE A FIRST AMENDED COMPLAINT - 2

PEPPLE JOHNSON
CANTU & SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON 98101
(206) 625-1711 - FACSIMILE (206) 625-1627

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| THOMAS DEAL HULL, JR., | NO. 3:10-cv-05010 RBL |
|---|---|
| Plaintiff, | PLAINTIFF'S FIRST AMENDED COMPLAINT |
| v. | |
| REMINGTON ARMS COMPANY, INC., | |
| Defendant. | |

COMES NOW Plaintiff, Thomas Hull ("Plaintiff"), complaining of Remington Arms Company, Inc. ("Remington") Defendant, and files this First Amended Complaint, and for his cause of action would show the Court and the jury the following:

I.

JURISDICTION AND VENUE

1. The jurisdiction of this Court attaches under the provisions of 28 U.S.C. §1332, in that the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000, and the parties are citizens of different states.

**EXHIBIT A**

FIRST AMENDED COMPLAINT - 1

PEPPLE JOHNSON
CANTU & SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON 98101
(206) 625-1711 - FACSIMILE (206) 625-1827

2. Federal court jurisdiction is based on diversity of citizenship, and venue is proper according to 28 U.S.C. §1391 (a)(2) because the events giving rise to the claim occurred in Washington.

II.

## PARTIES

3. Plaintiff Thomas Hull is a citizen of the State of Washington and resides in Port Angeles, Washington.

4. Defendant Remington Arms Company, Inc. is a corporation foreign to the State of Georgia being organized and incorporated under the laws of the State of Delaware and having its principal place of business in North Carolina. At all times relevant to this action, Remington was doing business in the State of Washington by selling, manufacturing and distributing rifles through its distributors and sales force.

III.

## FACTUAL BACKGROUND

5. On October 26, 2009, a hunting buddy of Plaintiff's, Alex Sotomayor, was attempting to unload his Model 700 rifle. To unload the rifle, which was manufactured by Remington before 1982 with serial number B6343732 (before Remington removed the bolt lock from the design in 1982), the user is required to move the safety from the "S" or "safe" position to the "F" or "fire" position. The user in this case attempted to open the bolt or otherwise unload the weapon. Without pulling the trigger, the rifle fired, sending a bullet through a truck, splitting the bullet into pieces, and into Plaintiff's right leg.

6. Remington is now engaged in the business of designing, manufacturing, assembling, distributing and selling firearms, and in this regard did design, manufacture, distribute, sell, and place into the stream of commerce the Remington Model 700 bolt action

FIRST AMENDED COMPLAINT - 2

PEPPLE JOHNSON
CANTU & SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON 98101
(206) 625-1711 - FACSIMILE (206) 625-1627

rifle including the action, fire control system, and safety (hereinafter "rifle"), knowing and expecting that the rifle would be used by consumers and around members of the general public.

7. The Remington Model 700 bolt action rifle contains a dangerously defective "Walker" fire control system that may (and often does) fire without a trigger pull upon release of the safety, movement of the bolt, or when jarred or bumped.

8. Remington has designed a new trigger mechanism that is safe (and that represents a safer alternative design), installing the new design in almost all of its bolt-action rifles.

9. Plaintiff brings this action to recover damages from Defendant arising from Plaintiff's personal injuries caused by this incident. Plaintiff's damages include past and future medical expenses from his injuries, mental and physical pain and suffering, loss of earnings, and other general and special damages in an amount to be determined by the jury at the trial of this action.

IV.

## COUNT I: PRODUCT LIABILITY UNDER RCW 7.72

10. Defendant is liable to Plaintiff under RCW 7.72, et seq., for selling a Remington Model 700 bolt action rifle through a dealer because it was not reasonably safe as designed and manufactured and not reasonably safe because adequate warnings were not provided. The Remington Model 700 purchased was not merchantable and was not reasonably suited to the use intended at the time of its manufacture or sale. Plaintiff and the public reasonably expected that the Remington Model 700 purchased would not fire unless the trigger was activated. Remington is strictly liable for manufacturing and selling (placing into the stream of commerce) the Remington Model 700 bolt action rifle with a

FIRST AMENDED COMPLAINT - 3

PEPPLE JOHNSON
CANTU & SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON 98101
(206) 625-1711 · FACSIMILE (206) 625-1627

defective trigger that was the proximate cause of these personal injuries sustained by Plaintiff.

11. The Remington Model 700 bolt-action rifle was in a defective and dangerous condition because Remington had actual or constructive knowledge that the rifle was dangerous to users, specifically, that the rifle has a propensity to unexpectedly discharge without pulling the trigger, and Remington failed to warn of the rifle's danger. Further, requiring that the safety be moved to the "fire" position for unloading also creates a defective and dangerous condition. The risk was known or, at a minimum, reasonably foreseeable by the Defendant.

12. Plaintiff nor his hunting partner had knowledge of this defective condition and had no reason to suspect the rifle was unreasonably dangerous prior to the inadvertent discharge. Remington's communication to wholesalers about this problem – and offer to wholesalers to remove the boltlock – was inadequate.

13. Remington's breach of its continuing duty to warn, under RCW 7.72, of the 700 rifle's propensity to unexpectedly discharge without pulling the trigger was a direct and proximate cause of Plaintiff's injuries, and Plaintiff is entitled to recover the damages from Remington.

V.

DAMAGES AND JURY DEMAND

14. As a result of Defendant's acts and/or omissions, Plaintiff has experienced medical expenses, past and future, physical pain and suffering in the past and in all reasonable probability will sustain physical pain and suffering in the future.

15. Plaintiff has suffered mental anguish in the past and in all reasonable probability will sustain mental anguish in the future.

FIRST AMENDED COMPLAINT - 4

PEPPLE JOHNSON
CANTU & SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON 98101
(206) 625-1711 - FACSIMILE (206) 625-1627

16. The above and foregoing acts and/or omissions of Defendant have caused actual damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

17. Plaintiff demands a jury.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For all monetary damages allowed under law and described, without limitation, above, plus interest;

2. For costs of suit; and

3. For such other and further relief as this Court may deem just and proper.

DATED this _____ day of February, 2010.

PEPPLE, JOHNSON, CANTU & SCHMIDT, PLLC.

_____
Jackson Schmidt, WSBA #16848
Steven T. Johnson, WSBA #14052
Attorneys for Plaintiff
1501 Western Avenue, Suite 600
Seattle, WA 98101
206.625.1711 / 206.625.1627 Fax

HIGHTOWER LAW FIRM
Jeffrey W. Hightower, Jr., Texas Bar No. 00793951
9400 North Central Expressway, Suite 1207
Dallas, TX 75231
214.580.9800 / 214.580.9804 Fax

THE DRINNON LAW FIRM, PLLC
Stephen W. Drinnon, Texas Bar No. 00783983
1700 Pacific Avenue, Suite 2230
Dallas, TX 75201
972.445.6080 / 972.445.6089 Fax
COUNSEL FOR PLAINTIFF

FIRST AMENDED COMPLAINT - 5

PEPPLE JOHNSON
CANTU & SCHMIDT, PLLC
1501 WESTERN AVENUE, SUITE 600
SEATTLE, WASHINGTON 98101
(206) 625-1711 - FACSIMILE (206) 625-1627